# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0421
Lower Tribunal No. 18-21863-FC-04
_____

**Liliana Emilsen Bedoya Cuadros,**
Appellant,

vs.

**Miguel Antonio Rodriguez Valdes,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Law Offices of Jesus O. Cervantes and Jesus O. Cervantes, for appellant.

Miguel A. Rodriguez, in proper person.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Lopes v. Lopes, 852 So. 2d 402, 403 (Fla. 5th DCA 2003) ("The law of Florida is that a marriage is not valid if one of the parties has a legal spouse at the time of the marriage.  Even though it may not be necessary to get a judicial determination that no marriage exists, our supreme court has said that it is in the best interest of society to do so and that it matters not whether the determination is made by annulment or divorce, the effect is an adjudication of the nullity of the supposed marriage."); Baxter v. Baxter, No. 1D23-1776, 2024 WL 4965556, at *2 (Fla. 1st DCA Dec. 4, 2024) ("A bigamous marriage is void under Florida law."); Smith v. Smith, 224 So. 3d 740, 746 (Fla. 2017) ("[A] void marriage is generally one that is incapable of ratification or prohibited by statute.  When a marriage is deemed void, the effect so far as it concerns the conferring of legal rights upon the parties, is as though no marriage had ever taken place.") (quotation and citation omitted).